**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**MELVIN B. MORRIS, JR.**        :       **DOCKET NO. 17-cv-1443**

**VERSUS**        :       **UNASSIGNED DISTRICT JUDGE**

**UNITED STATES OF AMERICA**        :       **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 3] filed by the government pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Melvin B. Morris, who is represented by counsel in this matter, opposes the motion. Doc. 5. The government has filed a reply and Morris was granted leave to file a sur-reply. Docs. 6, 9. Accordingly, the matter is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss be **DENIED**.

**I.**
**BACKGROUND**

This action arose during Morris's incarceration at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). He alleges that he injured his leg during an altercation with another inmate on November 5, 2014, and that FCIO staff failed to properly diagnose and treat his injury until the time of his release from FCIO on March 12, 2015. Doc. 1, pp. 1–3. He states that he continues to experience pain and disability. *Id.* at 3.

Morris filed suit against the government in this court on November 5, 2017, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, based on the alleged medical malpractice of FCIO employees. *Id.* at 1–5. The government now moves to dismiss the suit, asserting that Morris failed to properly exhaust his administrative remedies with the Bureau of Prisons ("BOP") as required under the FTCA.

## II.
### LAW & ANALYSIS

### A. *Rule 12(b)(1)*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case,

the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

### B. FTCA Presentment

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1).

FTCA coverage over Morris's claims is undisputed. As the government notes, the FTCA requires a plaintiff to properly present his claims to the government agency before filing suit.[1] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant if he "(1) gives the agency written notice of his . . . claim sufficient to enable the agency to investigate and (2) places a value on his . . . claim." *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)). This requirement is not designed to deprive claimants of their day in court; it is "intended to lessen the court case load through fair settlement,

---

[1] The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

not procedural default." *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1444 (5th Cir. 1990) (quoting *Van Fossen v. United States*, 430 F.Supp. 1017, 1022 (N.D. Cal. 1977)).

The plaintiff's failure to present his claim to the agency prior to filing an FTCA suit is a jurisdictional defect, however, which cannot be waived or cured after the suit is filed. *Price*, 69 F.3d at 54; *Gregory*, 634 F.2d at 203–04. Accordingly, a prematurely-filed FTCA suit "cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3 at 54. Furthermore, "[t]he filing of a deficient administrative claim is tantamount to no filing at all." *In re Ingram Barge Co.*, 435 F.Supp.2d 524, 527 n. 3 (E.D. La. May 25, 2006) (citing *Indus. Indem. Co. v. United States*, 504 F.Supp. 394 (E.D. Cal. 1980)). Morris thus has the burden of showing presentment of his claim in order to withstand this motion to dismiss, and the matter involves a factual attack on jurisdiction based on the dispute below about what he submitted to the BOP.

Morris attempted to exhaust his claim through a Standard Form 95 ("SF-95"), letter requesting records, and authorization for release of medical information from 2014 and 2015, all completed by plaintiff's counsel. *See* doc. 3, att. 2, pp. 4–7 (BOP record of claim). On the SF-95 Morris stated a claim for damages (personal injury) in the amount of $800,000 but wrote only "See attached" in spaces provided to detail the basis of his claim, extent of his injuries, and names of any witnesses. *Id.* at 4–5. He attached an incident report from FCIO, which detailed the altercation from November 2014 described above, and medical records from BOP and non-BOP providers describing the treatment of his leg injury. *Id.* at 9–44. These documents and attachments were sent on November 3, 2016, and stamped as received by the BOP on December 1, 2016.[2] *Id.* at 4–44.

---

[2] In his response Morris alleges that the government intentionally manipulated the date of receipt in order to make it appear as though his claim was filed more than two years after the injury and was therefore untimely. Doc. 5. The government does not raise timeliness as an issue in its motion. In its reply it emphasizes that it is not arguing that Morris's claims are time-barred. Doc. 6, p. 3. Accordingly, the filing date is of no relevance to the motion before us and we will not attempt to resolve it.

Morris alleges that he also attached four "continuation pages" to his SF-95. *See* doc. 5, att. 2, pp. 4–8. In these he described his medical malpractice claims in exhaustive detail. *Id.* The government maintains, however, that these pages were not received and that, based on what the BOP did receive from Morris, it was unaware of what kind of claim he intended to pursue. Accordingly, BOP regional counsel sent plaintiff's counsel a letter on January 5, 2017, acknowledging receipt of the claim and requesting additional information because "[i]t is not apparent what you are alleging happened to instigate the filing of this claim." *Id.* at 46–47. The government contends, and Morris does not dispute, that he made no response to this letter.

It is plain that the SF-95 and related documents, without the continuation pages, were insufficient to satisfy the presentment requirement. Without the continuation pages, Morris's filings do not indicate whether his complaint relates to the medical care he received or the fact that the altercation occurred in the first place. Thus, central to the question of presentment – and this court's jurisdiction – is the dispute over whether the continuation pages were included in the original filing. Morris shows that the claim was mailed in a 15.2 ounce package to the BOP and his counsel declares that this weight is consistent with the inclusion of two copies of his filings, including the continuation pages, as he verified on a digital scale while preparing his response to this motion.[3] Doc. 5, att. 1, p. 5 (plaintiff's counsel's declaration); doc. 5, att. 4 (express mail receipt). He also notes that BOP employees have only indicated that they received copy of the SF-95 and related documents, and he shows through his itemization of the weights that such a package would weigh several ounces fewer. Doc. 5, att. 1, p, 5 (declaration of plaintiff's counsel); *see, e.g.*,

---

[3] In its reply the government asserted that Morris's printed receipt actually showed that his package weighed 5.8 ounces, "significantly undermin[ing]" his experiment. Doc. 6, p. 4; *see* doc. 5, att. 5 (USPS receipt). As Morris explains, however, that receipt shows two mailings – the flat rate envelope, shown above [doc. 5, att. 4] to be 15.2 ounces, to the BOP South Central Regional Office in Grand Prairie, Texas, ZIP code 75051, and another item shipped to Houston, Texas, ZIP code 77030. *Id.*; *see* doc. 5, att. 3 (BOP address). Accordingly, the weight recorded for the Houston-bound package does not undermine plaintiff's evidence above.

doc. 3, att. 2 (declaration of BOP employee Brenda Victor). Finally, he attaches an activity record from his Dropbox, showing that a document entitled "Morris – Continuation of Claim" was added to his account on November 2, 2016, and last edited the following day – the same day that the package was recorded as being mailed. Doc. 5, att. 8; *see* doc. 5, att. 4.

The government offers a declaration from Brenda Victor, a BOP government information specialist at the BOP South Central Regional Office ("SCRO"). Doc. 3, att. 2. She states that she received and reviewed Morris's SF-95, and that "[n]either Melvin Morris, nor his attorney submitted a basis for the claim or provided an explanation of the nature of the claim." *Id.* at 2. She also recalls the documents attached, based on her personal knowledge and review of the file, but makes no mention of the continuation pages. *Id.* at 1–2; *see id.* at 3–44 (BOP copy of Morris's file). To its reply the government also attaches the declaration of Jason Sickler, regional counsel for the SCRO. Doc. 6, att. 1. Sickler states that incoming SCRO mail is only opened within a secure mail room, by staff under his supervision, and thereafter brought to the legal department for processing. *Id.* at 2. He recalls Victor, who is under his supervision, conferring with him about the adequacy of the claim submitted by Morris, and he also recalls reviewing the documents mailed to the SCRO Legal Department. *Id.* at 2–3. He declares that "[t]he claim submission materials did not include any document identified as a continuation page."[4] *Id.* at 3. Accordingly, he determined that the letter described above, sent in January 2017, was necessary, and worked with Victor to generate the correspondence. *Id.* at 3–4.

---

[4] Sickler also emphasizes that the case was memorable to him, based on the lack of information provided and his surprise that such a claim would have been submitted by counsel. Doc. 6, att. 1, p. 3. He states that, due to the involvement of counsel, he "wanted to be sure of the accuracy of [his] review" in order to avoid being contradicted if he overlooked anything. *Id.*

Here the disputed facts relate only to the court's jurisdiction and not to the merits of the case. Accordingly, we may weigh the evidence to determine the proper outcome of this Rule 12(b)(1) motion.

After a full review of the record, we find that Morris has carried his burden of showing presentment through the mailing of his SF-95, with the continuation pages, to the BOP. Even though the government has provided declarations from employees who handled the filing and do not recall the presence of the continuation pages, and even though they have described that mail is opened and processed in a secure room, the government fails to refute plaintiff's evidence regarding the weight of the package. Plaintiff's case is made all the more convincing by his evidence of the fact that the continuation pages were drafted and last edited before the claim was submitted. Accordingly, Morris sufficiently presented his claim to the BOP and properly initiated this suit after that agency failed to make a final disposition within six months. This court is therefore not deprived of subject matter jurisdiction based on a lack of presentment.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 3] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE