UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRIANNA HARRIS, AS NATURAL TUTRIX OF S.M.** | **CASE NO. 2:17-CV-01443** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 77] filed by the government and seeking to limit the testimony of Dr. Oghale Eleyae due to plaintiff's failure to provide a written report or summary of his testimony. Plaintiff opposes the motion. Doc. 79.

### I.
#### BACKGROUND

This Federal Tort Claims Act suit arises from medical treatment received for a leg injury by plaintiff's decedent, Melvin Morris, while incarcerated at the Federal Correctional Institution at Oakdale, Louisiana, in the custody of the Bureau of Prisons.[1] The matter has been set for bench trial multiple times since it was filed on November 5, 2017. Relevant to a trial setting of November 9, 2020, plaintiff filed a witness list naming Evan Shapiro, M.D. as "Plaintiff's retained medical expert" and Oghale Eleyae, D.P.M. as "podiatrist and custodian of medical and billing records." Doc. 43, att. 1. He also sent a "Designation of Experts" to the government on March 2, 2020, providing expert

---

[1] Morris died on August 11, 2021, nearly four years after this suit was filed. Doc. 62. Brianna Harris, as natural tutrix of his minor child S.M., was substituted as plaintiff. Doc. 64.

disclosures relating to Shapiro and stating the following with regard to Eleyae and seventeen other non-retained experts:

> The following health care providers (and/or their custodian of records) may testify concerning the treatment of Plaintiff; the medical records of such treatment; his condition, his diagnosis, and his prognosis; the standard of care for such treatment and whether the treatment or the lack thereof met the standard of care; causation; the medical treatment, testing and results provided, which should have been provided or which may be provided in the future to Melvin Morris; surgeries and/or treatments which were medical necessary in the past or which will be likely be medically necessary in the future, including, but not limited to, ORIF, casts, TightRope closure of the ankle mortise, ankle fusion and/or ankle replacement, and the cost of such surgeries; the charges, if any, for Melvin Morris's treatment in the past and/or future treatment, and the reasonableness and/or necessity of such charges. See the medical and/or billing records obtained in this case and/or the providers' depositions, if taken, for the opinions and/or facts held and/or known by these health care providers.

Doc. 79, att. 1.

The matter is currently set for bench trial before the undersigned on December 5, 2022. Doc. 66. According to the court's pretrial scheduling order, plaintiff's expert information and reports were due by August 8, 2022. *Id.* Dr. Eleyae was deposed over one year before this deadline, on July 3, 2021, and provided a summary of his treatment of Morris and opinions regarding his injury. *See* doc. 77, att. 2; doc. 79, att. 2. In relevant part, he reviewed a set of X-rays provided by the government, identified the injury as a Maisonneuve fracture, and testified that the government had breached the applicable standard of care with regard to that injury. Doc. 77, att. 2, pp. 13, 15, 23–28. The government objected to this testimony on the grounds that it exceeded the scope of Dr. Eleyae's designation as a treating physician. *Id.* Finally, Dr. Eleyae testified that he had only prepared for his deposition through a review of his own treatment records relating to

Morris and that he had not consulted with plaintiff's counsel or received anything from his office in preparing for his deposition. Doc. 79, att. 2, pp. 46–47.

The government now moves to limit Dr. Eleyae's testimony, arguing that because of his designation as a treating physician and his failure to provide a written report, he is limited to testifying about the treatment he provided to Morris. Doc. 77. Plaintiff opposes the motion, maintaining that the testimony was within the scope of Dr. Eleyae's expert disclosure as a non-retained expert. Doc. 79. In the alternative, she asserts, the motion should be denied because the government has not been prejudiced by the failure to provide an expert report.

## II.
## LAW & APPLICATION

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any retained expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 "does not limit an expert's testimony simply to reading his report. The rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL

2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)).

Under Rule 26(a)(2)(c), non-retained experts such as treating physicians are subject to "a separate, less stringent disclosure regime than their retained counterparts." *Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sep. 4, 2019). For these witnesses a party must only provide a written disclosure stating (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The scope of such testimony properly includes a plaintiff's diagnosis and treatment, as well as causation for his injuries and his prognosis. *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008). To offer opinions outside this scope, however, a treating physician must provide a written report in compliance with Rule 26(a)(2)(B). *Id.*; *see also Spears v. United States*, 2014 WL 258766, at *7 (W.D. Tex. Jan. 23, 2014) (collecting cases).

Here Dr. Eleyae's trial testimony will evidently include opinions regarding the standard of care for Morris's injury and whether the government complied with same in its treatment of him. This is outside the scope contemplated for treating physicians. Accordingly, a written report was required under Rule 26(a)(2)(B) and the question

becomes whether plaintiff's failure to provide one was harmless. *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3.

The government notes that plaintiff noticed Dr. Eleyae for a trial deposition on July 23, 2021, with only two days' warning, with trial at that time set for September 7, 2021. Doc. 82. Accordingly, it maintains, it is prejudiced by plaintiff's intent to use this deposition in lieu of testimony at trial. The court agrees that the government was prejudiced by having these opinions offered without prior disclosure at a trial deposition. To the extent, however, that plaintiff is willing to call Dr. Eleyae live at the trial now set for December 5, 2022, the government has had notice of his proposed testimony and opinions on the standard of care for over a year. Accordingly, the motion will be granted so as to prohibit the use of Dr. Eleyae's trial deposition in this matter but denied as to his ability to offer these opinions from the stand at trial and subject to the government's better-prepared cross-examination.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 77] be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of November, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**