UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MELVIN B MORRIS JR                          CIVIL ACTION NO. 17-cv-1443

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

USA                                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Melvin B. Morris, Jr. filed this Federal Tort Claims Act case against the United States in 2017 based on allegations of medical malpractice that he allegedly experienced when he was incarcerated in FCI Oakdale. The case was approaching trial when Plaintiff's counsel reported (Doc. 58) that Mr. Morris died in August 2021; it was expected that Mr. Morris's claims would be continued pursuant to the Louisiana Survival Statute by at least three minor children with different mothers.

Plaintiff's counsel later filed a motion to substitute (Doc. 62) to make the new plaintiff Brianna Harris, as natural tutrix of S.M., her minor child. Counsel reported that he could not locate the other two children or their mothers. Brianna Harris, as natural tutrix of S.M. was substituted as the plaintiff in place of Mr. Morris. Doc. 64.

Judge Cain entered a 60-day order of dismissal (Doc. 87) in November 2022 after the parties reported that the matter had been settled. The 60-day period was extended to allow additional time to resolve a Medicaid lien issue. Plaintiff then moved for and was granted leave to reopen the case to obtain court approval of the minor's settlement, which approval was required by the United States. Docs. 90-91.

A motion was filed, and Judge Cain entered an order that found the minor's settlement was in the best interest of S.M.  The order set forth the total amount of settlement and itemized the amounts of the Medicaid lien and attorney fees and expenses.  The order stated that the settlement amount, net of the other items, was $90,000 and was to be paid into the registry pending further order of the court.  Doc. 95.  Another 60-day order of dismissal was entered.  Doc. 97.

Plaintiff's counsel returned in March 2024 with a motion to reopen (Doc. 98).  The motion reported that the amount of the Medicaid lien had been negotiated to a lower amount, and the United States proposed that it make one payment of $110,000 into the registry of the court.  From that amount, the Medicaid lien and counsel's fees and expenses could be disbursed, with the remaining funds to be divided equally among the three minor children who are beneficiaries of the survival action.

The motion to reopen stated that the Government required a release that included all three of the children's mothers if the children were to receive any money from the settlement.  Plaintiff's counsel stated that he did not represent the other two mothers, who were not parties to the case.  Counsel stated that he had obtained a revised stipulation and release signed by all three mothers and submitted it to the Government in March of 2024.  The mothers reportedly agreed that the funds would be divided one-third to each child "and eventually be placed into a separate registry account for each child."  Counsel stated his belief that this would require bringing the other two mothers before the court after the settlement funds were deposited.  Counsel also reported that he had paid from his personal

funds the reduced amount of the Medicaid lien, which was $2,543.85. The motion to reopen was granted. Doc. 99.

The United States then moved for and was granted permission to deposit in the registry of the court $110,000. Docs. 100-02. In December 2024, Plaintiff's counsel filed a motion for joinder (Doc. 103) in which he asked that the mothers of the two other children be joined in this case, as representatives of their children, so that the settlement funds could be equally divided. Counsel stated that he had grappled with the proper way to bring the missing beneficiaries before the court. He encountered a decision that indicated that the absent beneficiaries should be joined under Fed. R. Civ. Pro. 19(a). That rule allows the joinder of a person who claims an interest relating to the subject of the action and is so situated that disposing of the action in their absence may impair or impede the person's ability to protect that interest. Joinder is also permitted if it will leave an existing party (such as the United States) subject to a substantial risk of incurring multiple obligations. Rule 19(a)(2) provides that if a person has not been joined as required, "the court must order that the person be made a party" and if the person refuses to join as a plaintiff they "may be made either a defendant or, in a proper case, an involuntary plaintiff."

Plaintiff reported that the absent persons were Whitney Crawford, as natural mother and sole surviving parent of M.M., who was then 11, and Raven Watkins, the natural mother and sole surviving parent of R.M., who was then six years old. The mothers and children were reported to reside in the Lake Charles Division and were subject to service of process there. Counsel stated that he anticipated that waivers of service and voluntary appearances would be filed. Counsel anticipated that, after the mothers appeared, an

amended motion would be filed to approve the settlement on behalf of all three children and order disbursement of fees and expenses, and the division of the remaining funds in separate registry accounts for the benefit of each child.  The motion did not explain the terms or conditions on which those registry funds could be withdrawn by the children or their mothers.

Judge LeBlanc entered an order (Doc. 105) in August 2025 that held the joinder of the additional claimants was warranted.  Plaintiff's motion for joinder was granted, and it was ordered that Ms. Crawford and Ms. Watkins, each as natural tutrix for their children, "be joined as parties in this case."  Judge LeBlanc also ordered that Plaintiff's counsel file in the record an affidavit of death and heirship to establish with certainty the identities of all children of Mr. Morris.  The affidavit was filed in October 2025, and it is consistent with the representations made in this case about the identities of the children of Mr. Morris.

There was no additional action in the case for the next six months until, in April 2026, this case was reassigned to Judge Hicks and the undersigned magistrate judge.  A **telephone status conference** is set for **May 20, 2026 at 11:00 a.m.** to discuss the necessary steps to finally resolve this civil action.  Dial-in instructions will be emailed to all counsel of record.  Trial counsel for each party must participate.

Counsel for Ms. Harris and the United States should consider the procedural mechanism for bringing the absent plaintiffs before the court.  One potential is for the existing Plaintiff to file a motion for leave to file an amended complaint that would add the absent parties as plaintiffs.  If they are not represented by counsel, the mothers could sign the proposed amended complaint pro se.  If the absent plaintiffs will not voluntarily sign

such an amended complaint or otherwise voluntarily appear in the case, then counsel should consider the exact procedural steps that must be taken to properly bring them before the court and resolve this matter. Counsel should also be prepared to describe to the court the terms and conditions, and the source of those terms and conditions, for the withdrawal of registry funds by or on behalf of the children.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of April, 2026.

Mark L. Hornsby
U.S. Magistrate Judge